UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DEROUSEAU,

                Plaintiff,

        -against-

JOHN T. KORZEILUS,

                Defendant.

24-CV-6516 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against a Lieutenant Fire Chief in Sleepy Hollow, New York, alleging that Defendant has violated his rights. By order dated January 8, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] On March 5, 2024, Lieutenant Fire

Chief John Korzeilus "harassed" Plaintiff in front of witnesses and banned him "from going into

the firehouse at any time." (ECF 1 at 5.) Plaintiff contends that he was not permitted to act as a

volunteer fireman "because [he] had two false arrest[s]." (*Id.*) Plaintiff states that "this is what

[Defendant Korzeilus] had a member tell me after the incident." (*Id.*) He was also "unable to

vote." (*Id.*)

Plaintiff further alleges the following:

They took my application fee and discarded the application back in 2023. Yet, he
allowed a (W)woman [sic] to live there for over two weeks often letting her stay
all night for two months.

(*Id.*).

Plaintiff brings this suit against Defendant Korzeilus, seeking $1.5 million in damages.

## DISCUSSION

### A.    Factual Allegations

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff appears to make two claims: First, his application to be a volunteer firefighter was denied in 2023, possibly based on his history of arrests. Second, he has been excluded from the Sleepy Hollow Fire Station, and is thus "unable to vote." (ECF 1 at 5.) Plaintiff states that his claims arose on March 5, 2024, but it is unclear what happened on that date. Plaintiff includes few factual allegations, and those that he has included are conclusory. Plaintiff alleges, for example, that Defendant "harassed [him] in front of witnesses," but it is not clear what occurred. The relevance of Plaintiff's allegations about another individual who allegedly "live[d]" in the firehouse for two weeks is also unclear. Plaintiff's complaint, which does not provide enough factual detail to allow the Court to draw the inference that the defendant is liable for a violation of Plaintiff's rights, therefore does not comply with Rule 8.

District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff may be able to allege additional facts to state a valid claim, and the Court therefore grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Because the Court grants Plaintiff leave to amend his complaint, the Court briefly addresses the general claims that it believes that Plaintiff may be asserting. Turning to Plaintiff's

claim about the denial of his application to be a volunteer firefighter, the Court notes that New York law requires volunteer firefighters to undergo criminal background checks, specifically for convictions related to arson or that require registration as a sex offender. *See* N.Y. Exec. Law § 837-o (1). The law provides that a person "denied . . . appointment as a volunteer member of a fire company based in whole or in part on the fact that he or she stands convicted of a crime which requires the person to register as a sex offender under article six-C of the correction law, . . . shall be advised by the fire company of the rights to challenge and appeal the information contained in the record of conviction." N.Y. Exec. Law § 837-o (3)(d).

Plaintiff seems to suggest that his application to be a volunteer firefighter was denied based on one or more arrests. He does not give information about the nature of the charges against him or whether the arrests resulted in conviction. It is also unclear if Plaintiff availed himself, if necessary, of any appeal rights he may have had under New York's laws for background checks of volunteer firefighters. Although the Court grants Plaintiff leave to replead this claim, the Court notes that, in order to proceed in federal court, Plaintiff must assert some basis for invoking the subject matter jurisdiction of the federal courts. A claim based solely on state law, in the absence of diversity jurisdiction, 28 U.S.C. § 1332, does not provide a basis for subject matter jurisdiction in federal court.

Next, Plaintiff also appears to assert a claim based on his right to vote. It is unclear from the allegations of the complaint whether Plaintiff attempted to enter the firehouse, which he seems to indicate was his designated polling place, on a specific date to vote and was unable to do so. He alleges that Defendant "harassed" him (ECF 1 at 5), but it is unclear what happened or if this related to an attempt to vote.

4

"[A] state possesses significant power to structure its own elections[, and] as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Lopez Torres v. New York State Bd. of Elec.*, 462 F.3d 161, 184 (2d Cir. 2006), *reversed on other grounds*, 552 U.S. 196 (2008). New York imposes rules on the conduct of elections. *See, e.g.*, *Silberberg v. Bd. of Elections of New York*, 272 F. Supp. 3d 454 (S.D.N.Y. 2017) (upholding the constitutionality of N.Y. Elec. Law §17-130 and of New York City's policy banning photography within the polling place); N.Y. Elec. Law § 8-202(2) (election inspectors at particular poll sites must not allow any person to be "in any position or near any position, that will permit one to see or ascertain how a voter votes, or how he or she has voted"); N.Y. Elec. Law § 17-130(6) (prohibits unlawfully going within the guard rail of any polling place or remaining within the guard rail after being commanded to leave such an area by an inspector of election); *see also Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 365 (S.D.N.Y. 2007) (holding that defendant "clearly had probable cause to believe that plaintiff was being disruptive and to remove plaintiff from the polls").

It is wholly unclear from the factual allegations of the complaint what federal claim Plaintiff is asserting against Defendant in connection with Plaintiff's right to vote. If Plaintiff chooses to replead this claim in an amended complaint, he must include facts about what happened and who was personally involved in violating his rights.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**B.**    **Referral to SDNY Federal Pro Se Legal Assistance Project**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the City Bar Justice Center's intake form. A flyer with details is attached.[2]

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

---

[2] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

6

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-6501 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may consent to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                Zip Code

_____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                         State              Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.