UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DEROUSEAU,

               Plaintiff,

        -against-

JOHN T. KORZEILUS,

               Defendant.

24-CV-6516 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action alleging that Defendant violated his rights. By order dated January 13, 2025, the court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on March 18, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following are the only factual allegations in the amended complaint:

> I was harassed verbally Then my application for fireman allegedly lost except for the financial fee. Then, I was told through witness that I can not be on premise at All! This violating my right to vote.

(ECF 1 at 4.)[1]

Plaintiff names John Korzeilus in the caption of the amended complaint as the sole defendant. Plaintiff does not specify the relief that he seeks.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

In an Order to Amend dated January 13, 2025, Chief Judge Swain liberally construed Plaintiff's initial complaint as raising two claims: The first claim appeared to be that Plaintiff's application to be a volunteer firefighter had been denied in 2023, possibly based on his history of arrests. The second claim appeared to be that Plaintiff had been excluded from the Sleepy Hollow Fire Station and was thus "unable to vote." (ECF 1 at 5.) The court noted in the Order to Amend that Plaintiff stated in the complaint that his claims arose on March 5, 2024, but he did not indicate what had happened on that date. Plaintiff alleged in the complaint that Defendant had "harassed" him (ECF 1 at 5), but did not plead any facts about what had happened or whether this related to an attempt to vote. Because the complaint had few factual allegations, and those that were included were conclusory, the court held that Plaintiff's complaint failed to comply with Rule 8. The court dismissed the complaint but granted Plaintiff leave to file an amended complaint. Thereafter, this matter was reassigned to my docket.

Plaintiff's amended complaint does not cure the deficiencies identified in the order to amend. The sole defendant named in the caption is "Second Lieutenant Fire Chief" John Korzeilus, but he is not mentioned in the body of the complaint, and Plaintiff does not allege any facts about what Korzeilus personally did or failed to do that violated Plaintiff's rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

The amended complaint includes fewer factual allegations than the original complaint. Moreover, the few statements in the amended complaint are conclusory. Plaintiff alleges for example that he was "harassed verbally," but he does not state who did so, when, or where, or what was said. The allegations of the amended complaint, like those in Plaintiff's original

complaint, do not put Defendant on notice of the claims against him or show that Plaintiff is entitled to relief. The federal claims in Plaintiff's amended complaint are therefore dismissed for failure to state a claim on which relief can be granted, and the Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims.[2]

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the amended complaint gives no indication that the defects can be cured with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The federal claims in Plaintiff's amended complaint are dismissed for failure to state a claim on which relief can be granted, and the Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims.

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: June 11, 2025
       New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[2] Nothing in this order prevents Plaintiff from refiling any state law claims in state court.